UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Maikijah Ha'Keem, Roy Hughes,
Jimmy Booker, and Jacquard Larkin,

       Plaintiffs,

v.

Chad Mesojedec, *Rehabilitation Therapist Director*, Steve Sayovitz, *Security Manager*, Elizabeth Wyatt, *Security Counselor*, Kevin Schleret, *Property Personnel*, Many Torgerson, *Property Supervisor*, Kevin Moser, *MSOP-Moose Lake Facility Director*, Nick Lammi, *Rehabilitation Counselor*, Scott Benoit, *Program Manager-MSOP-Moose Lake*, Terry Kneisel, *Assistant Facility Director MSOP-Moose Lake*, and Peter Puffer, *Clinical Director MSOP-Moose Lake*,

       Defendants.

Case No. 16-cv-348 (JNE/SER)
ORDER

This matter is before the Court on a Report and Recommendation ("R&R") issued by the Honorable Steven E. Rau, United States Magistrate Judge, on January 16, 2019. ECF No. 55. The R&R recommends dismissing this action because Plaintiffs' claims are implausible as plead and certain claims are additionally barred by qualified immunity. *Id.* Plaintiffs objected. ECF No. 56. Defendants responded. ECF No. 58. The Court conducted a de novo review of the record. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3). For the reasons set forth below, the Court sustains in part and overrules in part Plaintiffs' objections. Accordingly, Defendants' motion to dismiss is granted in part and denied in part.

1

## BACKGROUND

Plaintiffs Maikijah Ha'Keem, Roy Hughes, Jimmy Booker, and Jacquard Larkin are Muslims civilly committed in the Minnesota Sex Offender Program ("MSOP") in Moose Lake, Minnesota. They initiated this lawsuit on February 10, 2016, alleging that Defendants' policies and practices regarding the use of prayer oils violates their right to freely exercise their faith. Specifically, Plaintiffs claim that the following "new procedures significantly burden [their] ability to conform to the commandments of [their] faith." Am. Compl. ¶ 20. First, Plaintiffs claim that MSOP policy prohibits them from keeping prayer oil in their rooms. Second, Plaintiffs allege that although prayer oil is at times dispensed by Defendants, prayer oil is dispensed in a limited manner "so as not to overwhelm peers utilizing the Volunteer Services/Education area." Am. Compl. ¶ 11. Third, Plaintiffs allege that Defendants do not provide prayer oil during daily personal prayer in the spiritual rooms.

Defendants moved to dismiss the complaint on various grounds and the Court permitted Plaintiffs to file an amended complaint. Plaintiffs filed their amended complaint on March 8, 2017. Defendants again moved to dismiss, but the case was stayed as it was sufficiently related to the ongoing litigation of *Karsjens, et al. v. Piper, et al.*, No. 11-cv-3659. ECF No. 49. After the stay was lifted, ECF No. 50, the Court permitted the parties an opportunity to file supplemental briefing addressing any changes in law that may affect the Court's analysis of Defendants' motion to dismiss. On January 16, 2019, the Magistrate Judge recommended dismissing this action with prejudice.

## ANALYSIS

The district court reviews de novo those portions of the R&R to which an objection is made. 28 U.S.C. § 636(b)(1). When doing so, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3).

Plaintiffs object to the R&R's conclusion that they failed to state a Free Exercise claim. ECF No. 56 at 8. Specifically, Plaintiffs disagree that *Hodgson v. Fabian*, 378 F. App'x 592, 593 (8th Cir. 2010) forecloses their claim that the Defendants' policies and practice regarding the use of prayer oils violates their constitutional rights.

The Court agrees with Plaintiffs that *Hodgson* is inapposite. First, the Eighth Circuit in *Hodgson* more narrowly concluded that the plaintiff failed to establish that "his inability to keep prayer oils in his cell . . . substantially burdened his religion." *Id.* Here, Plaintiffs not only contest the prohibition of prayer oils in cells, but also the manner in which prayer oil is dispensed in religious areas. Second, *Hodgson* was decided on summary judgment and involved a different correctional facility and policy. At this stage in the litigation, the Court cannot conclude whether Defendants' policies and practice pose a substantial burden on Plaintiffs' religious beliefs or whether these policies further MSOP's "legitimate institutional and therapeutic interests." *Karsjens v. Piper*, 336 F. Supp. 3d 974, 992 (D. Minn. 2018) (quoting *Ivey v. Mooney*, Civ. No. 05-2666, 2008 WL 4527792, at *5, *10 (D. Minn. Sept. 30, 2008)).

Plaintiffs' prayer oils claim survives Defendants' motion to dismiss as long as Plaintiffs' allegations "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*,

556 U.S. 662, 664 (2009). Here, Plaintiffs have plausibly alleged that Defendants' policies and practice regarding prayer oil substantially burdens their religious practice. Accordingly, the Court rejects the Magistrate Judge's recommendation to dismiss the prayer oils claim.

Additionally, the Court rejects the Magistrate Judge's recommendation that Defendants are entitled to qualified immunity on the prayer oils claim. Because Plaintiffs plausibly allege that Defendants violated their clearly established constitutional rights, the Court concludes that Defendants are not "entitled to qualified immunity 'on the face of the complaint,'" *Stanley v. Finnegan*, 899 F.3d 623, 627 (8th Cir. 2018). For these reasons, the Court denies Defendants' motion to dismiss as to the prayer oils claim only.

Lastly, the Court overrules Plaintiffs' remaining objections for the reasons set forth in the R&R and adopts the R&R in all other respects. *See* 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2.

Therefore, IT IS ORDERED THAT:

1. The Magistrate Judge's Report and Recommendation [ECF No. 55] is REJECTED as to Plaintiffs' prayer oils claim and ADOPTED in all other respects.
2. Defendants' Motion to Dismiss [ECF No. 37] is DENIED as to Plaintiffs' prayer oils claim and GRANTED as to all other claims.

Dated: February 26, 2019

    s/ Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge