UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Maikijah Ha'Keem, Roy Hughes, Jimmy Booker, and Jacquard Larkin, | Case No. 16-cv-348 (JNE/SER) |
| Plaintiffs, | |
| v. | **ORDER** |
| Chad Mesojedec, *et al.*, | |
| Defendants. | |

The above-captioned case comes before the undersigned on Defendants' Motion to Compel Discovery. (ECF No. 65). No response was submitted by Plaintiffs. Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Compel Discovery, (ECF No. 65), is **GRANTED**.

Plaintiffs Maikijah Ha'Keem, Roy Hughes, Jimmy Booker, and Jacquard Larkin—who are Muslims civilly committed in the Minnesota Sex Offender Program ("MSOP") in Moose Lake, Minnesota—initiated this lawsuit on February 10, 2016. (ECF No. 1). Plaintiffs filed their amended complaint on March 8, 2017. (ECF No. 36). Ultimately, following Defendants' motions to dismiss and the Court's resolution thereof, Plaintiffs have one surviving claim: that Defendants violated their constitutional rights by regulating their use of prayer oils. (ECF No. 59). Defendants answered, (ECF No. 61), and the Court issued its Pretrial Scheduling Order, setting a fact discovery deadline of October 1, 2019, (ECF No. 62).

On May 28, 2019, Defendants served their First Set of Discovery Requests to

Plaintiffs. (Decl. of Drew D. Bredeson, Ex. 1, ECF No. 68). Plaintiffs did not respond by the deadline of June 27, 2019. (*See* Bredeson Decl., Ex. 2); Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). Defendants sent a letter on July 3, 2019 informing Plaintiffs that their discovery responses were overdue and noting that, should no responses or correspondence be received by July 12, 2019, Defendants would move to compel. (Bredeson Decl., Ex. 2).

On July 12, 2019, Plaintiffs filed a letter with the Court in response to Defendants' letter. (ECF No. 63; Bredeson Decl., Ex. 3). Plaintiffs indicated they were hiring an attorney and requested additional time for that attorney to notice his appearance or, in the alternative, to respond to the discovery. (ECF No. 63; Bredeson Decl., Ex. 3). The Court issued an order indicating it would not involve itself in discovery response extensions, but Plaintiffs could seek an extension from Defendants directly. (ECF No. 64). The Court also noted it could not force an attorney to make an appearance on Plaintiffs' behalf. (ECF No. 64). Defendants reached out to the referenced attorney on the same day as Plaintiffs' letter, who informed Defendants he would not be appearing on behalf of Plaintiffs. (Bredeson Decl., Ex. 4). To date, Plaintiffs have not participated in discovery, (ECF No. 67, at 2), nor has an attorney appeared on behalf of Plaintiffs.

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). If a responding party fails to meet their discovery obligations, a requesting party may move to compel disclosure or discovery. Fed. R. Civ. P. 37(a)(1).

Here, Plaintiffs have not responded to Defendants' thirteen interrogatories and seven requests for production served nearly four months ago. (*See* Bredeson Decl., Ex. 1). While Plaintiffs are pro se, they are not excused from complying with their discovery obligations. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Plaintiffs have offered no opposition to Defendants' motion; indeed, they have actually expressed an intention to respond. (ECF No. 63; Bredeson Decl., Ex. 3). Additionally, the Court has reviewed Defendants' discovery requests for relevancy and proportionality concerns and finds none. Defendants are not obligated to wait forever for Plaintiffs' discovery responses. Without Plaintiffs' discovery responses, it is impossible for Defendants to consider Plaintiffs' claims. As such, the Court orders Plaintiffs to respond to Defendants' First Set of Discovery Requests served on May 28, 2019 within 30 days of this Order.

The Court extends all deadlines in the Pretrial Scheduling Order, (ECF No. 62), by 90 days to permit the discovery contemplated by this Order. Plaintiffs are warned that failure to comply with this Order may result in dismissal of their lawsuit. Fed. R. Civ. P. 37(b)(2)(A); Fed. R. Civ. P. 41(b).

Date: September 23, 2019              *s/ Steven E. Rau*
                                       Steven E. Rau
                                       United States Magistrate Judge
                                       District of Minnesota

                                       *Ha'Keem, et al. v. Piper, et al.*
                                       Case No. 16-cv-348 (JNE/SER)