UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Maikijah Ha'Keem, Roy Hughes, Jimmy Booker, and Jacquard Larkin,

      Plaintiffs,

v.

Chad Mesojedec, Rehabilitation Therapist Director; Steve Sayovitz, Security Manager; Elizabeth Wyatt, Security Counselor; Kevin Schleret, Property Personnel; Mandy Torgerson, Property Supervisor; Kevin Moser, Facility Director MSOP-Moose Lake; Nick Lammi, Rehabilitation Counselor; Scott Benoit, Program Manager MSOP-Moose Lake; Terry Kneisel, Assistant Facility Director MSOP-Moose Lake; Peter Puffer, Clinical Director MSOP-Moose Lake,

      Defendants.

Case No. 16-cv-0348 (JNE/HB)
ORDER

This case is before the Court on a Report and Recommendation ("R&R") dated November 30, 2020 by the Honorable Hildy Bowbeer, United States Magistrate Judge, on Defendants' motion for summary judgment. Plaintiffs in this case are civilly committed in the Minnesota Sex Offender Program ("MSOP") in Moose Lake, Minnesota. They claim that Defendants' policies and practices regarding the use of prayer oils violates their First Amendment right to freely exercise their faith.

The R&R recommended that the Court grant summary judgment to Defendants and Plaintiffs objected. The Court has conducted a de novo review of the record and the R&R. *See* 28 U.S.C. § 636 (b)(1)(C); Fed. R. Civ. P. 72 (b)(3); LR 72.2 (b)(3). Based on

1

that review, and after considering Plaintiffs' objections, the Court adopts the R&R in full and accepts the recommended disposition.

One objection raised by Plaintiffs merits a brief discussion. Plaintiffs argue that when this Court denied Defendants' motion to dismiss the free exercise claim with respect to prayer oils, it held that Plaintiffs had a constitutional right to religious prayer oils as matter of law. This is a misreading of the Court's holding. As stated in the February 26, 2019 Order, at that early stage in the litigation, the Court could not "conclude whether Defendants' policies and practice pose a substantial burden on Plaintiffs' religious beliefs." ECF No. 59 at 3. Now, at summary judgment, Plaintiffs have not produced evidence that would allow a reasonable jury to conclude that Defendants' prayer oil policies or practices have imposed a substantial burden on the free exercise of their religion. As explained in the R&R, the facts simply do not support Plaintiffs' legal claim.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The Report and Recommendation [ECF No. 108] is ADOPTED.
2. Plaintiffs' Objections to the R&R [ECF No. 112] are OVERRULED.
3. Defendants' Motion for Summary Judgment [ECF No. 95] is GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 28, 2021

s/ Joan N. Ericksen<br>JOAN N. ERICKSEN<br>United States District Judge